# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARED LAMLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-019-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Jared Lamle ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for supplemental security income ("SSI"). (Doc. 1). The Commissioner has filed the Administrative Record ("AR") (Doc. 3), and the parties have fully briefed the issues. (Docs. 7, 13).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 8, 9). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I. Procedural History

Plaintiff filed an application for SSI on March 19, 2018, alleging a disability onset date of December 19, 1992. (AR, at 61-63). The SSA denied the application initially and

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

on reconsideration. (*Id*. at 72, 88). An administrative hearing was held on January 9, 2020. (*Id*. at 29-60). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 13-28). The Appeals Council denied Plaintiff's request for review. (*Id*. at 1-6).

Plaintiff filed a complaint with this Court seeking judicial review of the Commissioner's decision, and the Commissioner thereafter requested that the Court reverse and remand the case for further administrative proceedings. (*Id.* at 299-307). On remand, the ALJ held a second administrative hearing on June 23, 2022. (*Id.* at 284-98). The ALJ then issued a second decision on September 8, 2022, again finding that Plaintiff was not disabled. (*Id.* at 263-83). The ALJ's second decision is the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II.     The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and

certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 416.921; *see id*. §§ 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted) (reaffirming "the use of our usual review standards when considering allegations that an ALJ failed to comply with an Appeals Council remand order."). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even

if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### III.  The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 19, 2018, the application date. (AR, at 269). At Step Two, the ALJ found that Plaintiff had the following severe physical impairments: "autism spectrum disorder and anxiety (20 CFR 416.920(c))." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*.) The ALJ then determined that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with non-exertional limitations. [Plaintiff] can understand, remember and carry out simple instructions and make simple work-related decisions; [Plaintiff] can focus and concentrate on such tasks for 2-hour periods and persist at it 8 hours a day, 40 hours per week with normal breaks. [Plaintiff] can interact occasionally with supervisors and co-workers but never interact with the public. [Plaintiff] can adapt to only occasional changes in work situations. [Plaintiff] can perform no production-paced work with strict production quotas.

(*Id*. at 271-72). In accordance with 20 C.F.R. § 416.920(h), the ALJ made no finding regarding past relevant work at Step Four. (*Id*. at 276). Finally, at Step Five, the ALJ concluded that, "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" such as a dishwasher, janitor, or maid/housekeeping cleaner.

(*Id.* at 276-77).  Thus, the ALJ found that Plaintiff had not been under a disability since March 19, 2018, the date the application was filed.  (*Id.* at 277).

### IV.  Claims Presented for Judicial Review

Plaintiff argues two claims on appeal.  First, Plaintiff asserts that "[t]he ALJ failed to utilize a medical expert as the Appeals Council ordered her to do" in consideration of Plaintiff's autism spectrum disorder.  (Doc. 7, at 3-8).  Second, Plaintiff argues that the ALJ failed to properly analyze the medical opinion of Dr. Sarah Miller Coats, Ph.D., by labeling it "vague" and failing to articulate why she found it "less than persuasive."  (*Id.* at 3-4, 8-14).  Because of these errors, Plaintiff argues the case should be remanded.  (*Id.* at 14).  In response, the Commissioner argues that "[t]he ALJ's decision is supported by substantial evidence and free from reversible legal error," and should be affirmed.  (Doc. 13, at 2, 4-14).

### V.  The ALJ Complied With The Appeal Council's Remand Order, And Her Decision Is Supported By Substantial Evidence.

#### A.  The ALJ Obtained the Required Medical Evidence Regarding Plaintiff's Autism.

Following the remand from this Court, the Appeals Council instructed the ALJ, in part, to "[f]urther evaluate the nature, severity and limiting effects of [Plaintiff's] autism spectrum disorder" and to "[o]btain evidence from a medical expert to assist in this eval[uation]."  (AR, at 313).  The ALJ noted this directive from the Appeals Court in her decision.  (*Id.* at 266).  Then the ALJ discussed the additional evidence obtained in compliance with this directive, in her analysis of the June 21, 2022, evaluation of Plaintiff by Cody Graves, MS, LPC, NCC, as follows:

> Pursuant to the remand order, [Plaintiff] is evaluated in June 2022 (6F). Behavioral observations during the assessment include normal affect and [Plaintiff] communicates and interacts with the examiner and smiles, though he does not use a wide range of tones or expressions (6F/3). [Plaintiff] remains responsive throughout the assessment and appears attentive to tasks (6F/3). [Plaintiff] is cooperative with the evaluation (6F/3). Based on [Plaintiff's] subjective reports, the examiner finds him to be reclusive and leading an introverted lifestyle and that his social relationships are likely to be viewed as problematic (6F/4-5).

(*Id*. at 273). Exhibit 6F, referenced by the ALJ, corresponds to the "medical evidence of record" provided by Mr. Graves in conjunction with his June 21, 2022, evaluation of Plaintiff. (*Id*. at 283). The ALJ went on to incorporate this medical evidence into her Step Four analysis, comparing it to the Plaintiff's hearing testimony and self-reported limitations and the findings of the other examiners and consultants. (*See id*. at 273-75).

Despite this, Plaintiff claims that the ALJ failed "to request and utilize a Medical Expert pursuant to the [Appeals Council's] Remand Order." (Doc. 7, at 6-8). Plaintiff appears to argue that because "[t]he ALJ did not obtain a[] [Medical Expert] for the hearing" or "for interrogatories following the hearing," the ALJ did not comply with the Appeals Court's directive. (*Id*. at 7). But the remand order did not require this; it required the ALJ " to obtain evidence from a medical expert." (AR, at 313). Plaintiff does not take issue with Mr. Graves' qualifications as a medical expert. Indeed, it appears that Plaintiff selected Mr. Graves for his evaluation. (*Id*. at 418-19). And the evidence provided by Mr. Graves constitutes "objective medical evidence" as defined by agency regulations, s*ee* 20 C.F.R. § 416.913, and concerned the nature, severity, and limiting effects of Plaintiff's autism spectrum disorder, (*see id*. at 418-23). Plaintiff's first claim is thus without merit.

### B.     The ALJ Appropriately Evaluated the Medical Opinion Of Dr. Coats.

On remand, the Appeals Council instructed the ALJ, in part, to reconsider the opinion of consultative examiner Dr. Sarah Miller Coats, Ph.D.  Specifically, with regard to Dr. Coats' opinion, the Appeals Council stated:

> Sarah Miller Coats, Ph.D., a consultative examiner, assessed, in part, that [Plaintiff's] adaptation skills are significantly limited and that he would perform best in a supported environment (Exhibit 3F, page 4).  The Administrative Law Judge finds this opinion is unsupported by and inconsistent with the record (Decision, pages 8-9).  In finding Dr. Coats' opinion unpersuasive, the decision cites evidence of normal affect, as well as cooperative and polite behavior (Decision, page 9).  **However, the decision does not adequately reconcile the assessed persuasiveness of Dr. Coats' opinion with reports that [Plaintiff] does not "do well" in public unless he is accompanied by his dad or best friend; [Plaintiff] rarely leaves the house** (Exhibits 3E, page 3; 4E, page 5; 7E, pages 4, 8; 8E, page 4; 1F, page 1; 3F, page 2); **and [Plaintiff] needs set routines and has challenges adjusting to new places and routines** (Exhibit 1F, page 1).  Behavioral testing also revealed low general adaptive functioning abilities, and an elevated level of maladaptive behavior was documented (Exhibit 1F, pages 4-7, 9).

(AR, at 312-13) (emphasis added).  The Appeals Council thus found that "[f]urther consideration of [Plaintiff's] autism spectrum disorder, [Plaintiff's] ability to adapt[,] and the opinion evidence is warranted," and ordered additional evidence and analysis, instructing the ALJ "[i]n so doing, [to] evaluate the medical source opinion(s) and prior administrative medical findings pursuant to the provisions of 20 CFR 416.920c." (*Id*. at 313).  The ALJ noted this directive in her opinion.  (*Id*. at 266).

8

Under the applicable regulations,[3] the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[,] . . . including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ considers all opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." *Id*. § 416.920c(a), (c)(1)-(5). Supportability and consistency are the most important factors. *Id*. § 416.920c(b)(2). "Supportability" examines how closely connected a medical opinion is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 416.920c(c)(1). "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 416.920c(c)(2).

The ALJ must articulate how persuasive she finds a medical opinion. *Id*. § 416.920c(b). In doing so, the ALJ is required to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. §

---

[3] The regulations governing the agency's evaluation of medical evidence were revised effective March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017), *as amended in* 82 Fed. Reg. 15132 (Mar. 27, 2017).

9

416.920c(b)(2).[4]  "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.  Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence [s]he chooses not to rely upon as well as significantly probative evidence [s]he rejects."  *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted).

Plaintiff claims that the ALJ once again improperly considered Dr. Coats' opinion. (Doc. 7, at 8-14).  In her opinion, the ALJ noted that she "has re-evaluated and considered the medical opinion(s) and prior administrative medical finding(s)."  (AR, at 274).  As to Dr. Coats' opinion, the ALJ found:

> Consultative examiner, Sarah Miller Coats, Ph.D., opined [Plaintiff] had grossly intact cognition, intact ability to perform basic work-related cognitive tasks, had significantly limited social interaction and adaptation skills with agoraphobia, and would perform best in a supported work environment (3F/3-4).  **In re-evaluating this opinion per the remand order, this opinion is found to be less than persuasive.**  Although the doctor **supports** her assessment with an examination of [Plaintiff], her residual functional capacity assessment is **vague and somewhat inconsistent with the totality of the record**.  Overall, the record shows [Plaintiff] has low adaptability with respect to daily skills and/or socialization.  However, these findings are largely based on subjective reports.  Further, [Plaintiff] admits that he is capable of performing many tasks including personal care, caring for his dog, shopping for small purchases on his own, shopping online, researching purchases, attending doctor appointments unaccompanied, and visiting with friends (4E; 8E; 3F/2; Hearing Record).  The overall record remains consistent with no more than moderate limitations in mental functioning under the "paragraph B" criteria as mental status examinations are generally within normal limits and

---

[4] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record.  *See* 20 C.F.R. § 416.920c(b)(2), (3).

10

> [Plaintiff] admits to doing well with both his anxiety and his ASD without the aid of medication (3F/2; 5F/2). **The residual functional capacity takes into consideration [Plaintiff's] limitations including interacting with others and adaptability by finding him only capable of occasional changes in work situations or never interacting with the public.** The overall record, including Dr. Coats'[] exam, fails to show that these limitation[s] within the residual functional capacity would not affectively accommodate [Plaintiff's] impairments (4E; 8E; 3F/2-3; 4F/3; 5F1-2; 6F/3).

(AR, at 275) (emphasis added).

The ALJ articulated that she found Dr. Coats' medical opinion to be "less than persuasive." (*Id*.) She expressly considered the supportability and consistency factors. In discussing consistency, the ALJ noted that she found Dr. Coats' medical opinion "somewhat inconsistent with the totality of the record," including Plaintiff's hearing testimony and self-reported limitations. (*Id*.) In discussing supportability, the ALJ explained that she found Dr. Coats' medical opinion to be "support[ed]" by Dr. Coats' examination of Plaintiff. (*Id*.) And, in consideration of this opinion, the ALJ incorporated additional limitations into the RFC regarding Plaintiff's adaptability and ability to interact with the public. (*Id*.)

As the Commissioner argues, and the undersigned agrees, "the ALJ followed the Appeals Council's remand order, found Dr. Coats'[] opinion to be less persuasive instead of unpersuasive, incorporated additional limitations into the RFC to accommodate the opinions highlighted by the Appeals Council, and explained why the record, including Dr. Coats'[] opinion, did not support greater limitations." (Doc. 13, at 11). The ALJ met the requirements of the regulations in evaluating Dr. Coats' medical opinion and that evaluation is supported by substantial evidence. Plaintiff's request that the Court find

otherwise is nothing more than a request to reweigh the evidence, and this Court must decline that request. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). "The ALJ was entitled to resolve [] evidentiary conflicts and did so." *Id*. Accordingly, the Commissioner's decision should be affirmed.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 8th day of November, 2023.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE